ANTHONY E. PAGKAS, State Bar No. 186112
CHRISTOPHER J. D'ANJOU, State Bar No. 234299
The Law Office of Anthony E. Pagkas
1570 The Alameda, Suite 215
San Jose, CA 95126
Telephone: (408) 291-5401
Fax: (408) 291-5302

Attorneys for Plaintiff

**ORIGINAL FILED**

SEP - 7 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-FILING

## UNITED STATES DISTRICT COURT
## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

# C06   05508   JW

DIAMOND S.J. ENTERPRISE, Inc., and
JENNY WOLFES (as C.E.O of Diamond S.J.
Enterprise, and in her individual capacity),

        Plaintiffs,

vs.

CITY OF SAN JOSE, SAN JOSE POLICE
DEPARTMENT, SAN JOSE POLICE
SARGENT BRIAN KNIES, SAN JOSE
POLICE SARGENT JASON TA, SAN JOSE
POLICE OFFICER A. GUARDUCCI (I.D.
No. 3163) and DOES 1-200

        Defendants.

Case No.

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF: INVERSE
CONDEMNATION; 42 U.S.C. § 1983 -
RETALIATION**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1.      This is an action for money damages and injunctive relief brought pursuant to 42 U.S.C.

§§1983 and 1988, the First, Fourth, Fifth and Fourteenth Amendments to the United

States Constitution, and under the statutory and common law of the State of California,

including but not limited to California Constitution, Article I, section 19 against the

CITY OF SAN JOSE, SAN JOSE POLICE DEPARTMENT, SAN JOSE POLICE

SARGENT BRIAN KNIES, SAN JOSE POLICE SARGENT JASON TA, SAN JOSE

POLICE OFFICER A. GUARDUCCI (I.D. No. 3163), and DOES 1-200, described

1

COMPLAINT

1    collectively as "Defendants."

2    2.    It is alleged that the conduct of Defendants, and each of them against Plaintiffs

3          amounted to a taking and appropriation of a valuable property right in violation of the

4          Fifth Amendment to the United States Constitution and California Constitution, Article

5          I, section 19.  It is further alleged that Defendants retaliated against Plaintiff JENNY

6          WOLFES after Plaintiff exercised her rights under the First Amendment to the United

7          States Constitution in violation of 42 U.S.C. §1983.

8                                    **JURISDICTION**

9    3.    Jurisdiction is based on 28 U.S.C. §§1331 and 1343 and on the pendant jurisdiction of

10         this Court to entertain claims arising under state law.  This court has original

11         jurisdiction over the claims herein because they arise under the Constitution and laws of

12         the United States.

13                                     **PARTIES**

14   4.    Plaintiff, DIAMOND S.J. ENTERPRISE, Inc., is a California Corporation which

15         operates STUDIO 8, a nightclub located at 8 South First Street, San Jose, California.

16         This suit is brought on behalf of the corporation by its Chief Executive Officer, JENNY

17         WOLFES.

18   5.    Plaintiff JENNY WOLFES, Chief Executive Officer of DIAMOND S.J. Enterprise,

19         Inc., and operator of STUDIO 8, also brings this suit in her capacity as an individual.

20   6.    Defendants SAN JOSE POLICE SARGENT BRIAN KNIES (hereafter "KNEIS"),

21         SAN JOSE POLICE SARGENT JASON TA (hereafter "TA"), and SAN JOSE

22         POLICE OFFICER A. GUARDUCCI (I.D. No. 3163) (hereafter "GUARDUCCI")

23         were at all times relevant to this complaint duly appointed and acting officers of the

24         police department of the CITY OF SAN JOSE, acting under the color of law, to wit,

25         under color of the statutes, ordinances, regulations, policies, customs, and usages of the

26         State of California and/or the CITY OF SAN JOSE.

27   7.    The CITY OF SAN JOSE, California is a municipal corporation and the public

28

                                         2

COMPLAINT

1    employer of the defendant officers and operates the SAN JOSE POLICE

2    DEPARTMENT.

3  8.   Plaintiffs are not aware of the true names and capacities of the defendants sued herein

4    as DOES 1-200, inclusive and therefore sue these defendants by such fictitious names.

5    Plaintiff will amend this complaint to allege their true names and capacities when

6    ascertained.  Plaintiff allege that each of these defendants was the agent, principal,

7    partner, joint venturer, and/or employee of each of the remaining defendants and in

8    doing the acts and omissions alleged in this complaint, each was acting within the

9    course and scope of said agency, venture, and employment, and each defendant

10   authorized and ratified the acts of each other defendant.  Plaintiff further allege that

11   each of the fictitiously named defendants is responsible in some manner for the

12   occurrences herein alleged, and that Plaintiffs' injuries, herein alleged, were

13   proximately caused by the negligence or intentional acts of these defendants.

14                        **PRELIMINARY ALLEGATIONS**

15  9.   On February 28, 2005, Plaintiff DIAMOND S.J. ENTERPRISE, Inc., opened STUDIO

16   8, a nightclub entertainment venue in downtown San Jose located at 8 South First St.,

17   on the corner of South First Street and Santa Clara Street, in San Jose, California.

18  10.  STUDIO 8 is part of a geographically and economically revitalized downtown San Jose

19   area.  It is over 15,000 square feet and is the largest nightclub in San Jose, with a

20   capacity of over 1200 patrons.  It operates on Thursday, Friday and Saturday nights

21   from 9:00 p.m. to 2:00 a.m.

22  11.  Santa Clara Street is owned and maintained by Defendant CITY OF SAN JOSE, and is

23   the main public thoroughfare leading to and from the are of downtown where STUDIO

24   8 is located.  (STUDIO 8 is on the corner of Santa Clara Street and South First Street.)

25  12.  On or about June 15, 2006, Defendants KNIES, the CITY OF SAN JOSE, the SAN

26   JOSE POLICE DEPARTMENT, and DOES 1-50 instituted and began operating a

27   program of diverting traffic whereby Santa Clara Street is closed to all eastbound and

28

                                    3

COMPLAINT

1   westbound vehicle traffic from Market Street to Fourth Street on Friday and Saturday

2   nights (hereafter referred to as "TRAFFIC DIVERSION").  The TRAFFIC

3   DIVERSION has continued to be operated and maintained by said defendants every

4   Friday and Saturday night from June 16, 2006 to the present.  The TRAFFIC

5   DIVERSION is maintained from approximately 10:00 p.m. to 2:00 a.m.

6   13.   STUDIO 8 is located roughly in the middle of the zone of Santa Clara Street that the

7   TRAFFIC DIVERSION closes to vehicle traffic.  In addition, the timing of the

8   TRAFFIC DIVERSION essentially covers the entirety of STUDIO 8's hours of

9   operation, as the vast majority of the club's patrons arrive after 10:00 p.m.

10  14.   The TRAFFIC DIVERSION has caused and continues to cause significant economic

11  harm to Plaintiffs.

12  15.   Defendants KNIES and CITY OF SAN JOSE have contend that the TRAFFIC

13  DIVERSION is intended to enforce San Jose Municipal Code Sections 11.34.010 to

14  11.34.080, a "cruising" ordinance.  Plaintiffs allege that the TRAFFIC DIVERSION is

15  not necessary for public safety, that Defendants have failed to explore more appropriate

16  remedies that would avoid economic harm to Plaintiffs, and that Plaintiffs' economic

17  harm outweighs any real benefit from the TRAFFIC DIVERSION.

18  16.   As part of STUDIO 8's safety measures, it operates a number of security cameras inside

19  of its premises and at its entrance.  STUDIO 8 security staff also operate handheld

20  cameras and are trained to capture incidents that may be criminal acts or otherwise

21  disruptive to the health and safety of the club's patrons and the general public near the

22  club's premises.

23  17.   STUDIO 8's security staff have documented and filmed a number of incidents between

24  its patrons and San Jose Police Officers and incidents between members of the public

25  and San Jose Police Officers on or near the premises of the nightclub.

26  18.   Defendants and each of them have repeatedly threatened, harassed and intimidated

27  STUDIO 8 security staff for operating said cameras, telling STUDIO 8 security staff to

28

4

COMPLAINT

cease the operation of the cameras, and threatening arrest.

19.   After Defendants and each of them learned that STUDIO 8 security staff were operating hand held cameras and filming interactions with the San Jose Police and STUDIO 8 patrons and/or the general public, Defendants and each of them repeatedly threatened, harassed and intimidated STUDIO 8 owners, employees and patrons.

20.   Said threats and harassment include, but are not limited to placing a uniformed San Jose Police Officer at the entrance of STUDIO 8, threats to cite and shut down the business, and threats to take away the club's liquor license.

21.   At all times during the events described above, the defendant police officers were engaged in a joint venture.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support of their office to each other during the said events.

22.   As a direct and proximate result of the said acts of the Defendants and each of them, Plaintiffs suffered from the following injuries and damages:

    a.   Violation of their constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and California Constitution, Article I, section 19;

    b.   Deprivation of the economic use of property;

    c.   Violations of known civil rights under 42 U.S.C. §1983.

    d.   Lost earnings and profits and loss of future earnings and profits.

## FIRST CAUSE OF ACTION

### (Inverse Condemnation, Fifth Amendment, U.S. Constitution)

23.   Paragraphs 1 through 23 are incorporated by reference as though fully set forth.

24.   Plaintiffs have a constitutionally protected and valuable property right in the above-described property.

25.   Defendants and each of them planned, approved, operated and substantially participated in the above-described TRAFFIC DIVERSION on Santa Clara Street.

5

26.  On or about June 15, 2006, Defendants KNIES, the CITY OF SAN JOSE, the SAN JOSE POLICE DEPARTMENT, and DOES 1-50 instituted and began operating a program of diverting traffic whereby Santa Clara Street is closed to all eastbound and westbound vehicle traffic from Market Street to Fourth Street on Friday and Saturday nights.  The TRAFFIC DIVERSION has continued to be operated and maintained by said defendants every Friday and Saturday night from June 16, 2006 to the present.  The TRAFFIC DIVERSION is maintained from approximately 10:00 p.m. to 2:00 a.m. STUDIO 8 is located roughly in the middle of the zone of Santa Clara Street that the TRAFFIC DIVERSION closes to vehicle traffic.  In addition, the timing of the TRAFFIC DIVERSION essentially covers the entirety of STUDIO 8's hours of operation, as the vast majority of the club's patrons arrive after 10:00 p.m.

27.  The TRAFFIC DIVERSION constitutes a substantial impairment of access constitutes a taking and damaging of Plaintiffs' above-described property for which Defendants have not compensated Plaintiffs.

28.  The substantial impairment of access to Plaintiffs' above-described property caused by Defendants and each of them resulted in Plaintiff suffering severe economic injuries including loss of business, loss of income and revenue and lost patronage.

**SECOND CAUSE OF ACTION**

**(Inverse Condemnation, Article I, Section 19, California )**

29.  Paragraphs 1 through 28 are incorporated by reference as though fully set forth.

30.  Plaintiff has a constitutionally protected and valuable property right in the above-described property.

31.  Defendants and each of them planned, approved, operated and substantially participated in the above-described TRAFFIC DIVERSION on Santa Clara Street.

32.  On or about June 15, 2006, Defendants KNIES, the CITY OF SAN JOSE, the SAN JOSE POLICE DEPARTMENT, and DOES 1-50 instituted and began operating a program of diverting traffic whereby Santa Clara Street is closed to all eastbound and

6

westbound vehicle traffic from Market Street to Fourth Street on Friday and Saturday nights. The TRAFFIC DIVERSION has continued to be operated and maintained by said defendants every Friday and Saturday night from June 16, 2006 to the present. The TRAFFIC DIVERSION is maintained from approximately 10:00 p.m. to 2:00 a.m. STUDIO 8 is located roughly in the middle of the zone of Santa Clara Street that the TRAFFIC DIVERSION closes to vehicle traffic. In addition, the timing of the TRAFFIC DIVERSION essentially covers the entirety of STUDIO 8's hours of operation, as the vast majority of the club's patrons arrive after 10:00 p.m. The substantial impairment of access constitutes a taking and damaging of Plaintiffs' above-described property for which defendant has not compensated Plaintiff.

33. The TRAFFIC DIVERSION constitutes a substantial impairment of access to Plaintiffs' above-described property caused by Defendants and each of them, and causes Plaintiffs to suffer severe economic injuries including loss of business, loss of income and revenue and lost patronage and diminution of the value of STUDIO 8.

### THIRD CAUSE OF ACTION

### (42 U.S.C. §1983 - Retaliation)

34. Paragraphs 1 through 33 are incorporated by reference as though fully set forth.

35. PLAINTIFFS claim damages for the injuries set forth above under 42 U.S.C. §1983 against named defendants CITY OF SAN JOSE, SAN JOSE POLICE DEPARTMENT, SAN JOSE POLICE SARGENT BRIAN KNIES, SAN JOSE POLICE SARGENT JASON TA, SAN JOSE POLICE OFFICER A. GUARDUCCI (I.D. No. 3163) and DOES 1-200 for violation of Plaintiffs' clearly established federal constitutional rights under color of law.

36. PLAINTIFFS engaged in the above-described activities are protected by the First Amendment to the United States Constitution, which touch a public concern.

37. Defendants and each of them engaged in conduct which violated Plaintiffs' clearly established civil rights including but not limited to intimidation, harassment, threats to

7

1   cite and close Plaintiffs' business establishment including pulling Plaintiffs' liquor

2   license.

3   38.   As a proximate result of the Defendants' conduct and resulting adverse actions to

4   Plaintiffs, Plaintiffs suffered severe economic damages injuries including loss of

5   business, loss of income and revenue and lost patronage and diminution of the value of

6   STUDIO 8.

7   WHEREFORE, Plaintiffs requests that this Court:

8   1.   Award compensatory damages to plaintiff against the defendants jointly and severally;

9   2.   Order injunctive relief to terminate the activities of defendants complained of in this

10   action;

11   3.   Award damages for loss of earnings and profits, and loss of future earning capacity and

12   profits, and diminution of value of STUDIO 8, according to proof;

13   4.   Interest on all damages at the legal rate;

14   5.   Award the costs of this action to the plaintiff;

15   6.   Award reasonable attorney's fees, costs and appraisal costs to the plaintiff on all three

16   causes of action;

17   7.   Punitive and exemplary damages against each proper defendant (as allowed by law) in

18   the amount appropriate to punish defendants and deter other from engaging in similar

19   conduct.

20   8.   Such other and further relief that the Court deems proper.

21   The plaintiffs hereby demand a jury trial.

22   Dated: September 7, 2006

23                                 THE LAW OFFICE OF ANTHONY E. PAGKAS

24

25

26   ANTHONY E. PAGKAS
     Attorneys for Plaintiffs

27

28

8

COMPLAINT